UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL' MAN IN THE BOAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 17-cv-00904-JST <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** <br><br> Re: ECF Nos. 79, 80, 81 |

Before the Court is Plaintiff Lil' Man in the Boat, Inc.'s motion for leave to file a second amended complaint. ECF No. 79. Defendants City and County of San Francisco, San Francisco Port Commission, Elaine Forbes, Peter Dailey, Jeff Bauer, and Joe Monroe oppose the motion. ECF No. 80. The Court will deny the motion.

**I.  BACKGROUND**

Lil' Man operates a charter vessel out of South Beach Harbor. ECF No. 33 ¶ 1. South Beach Harbor is a "full service marina" on the San Francisco Bay, operated by the San Francisco Port Commission. ECF No. 54 at 2. The harbor has two "guest docks" relevant to this litigation, known as the North Dock and the South Dock. *Id*.

In 2016, harbormaster Joe Monroe and his staff asked commercial vessels using South Beach Harbor to sign a new landing agreement. *Id.* Lil' Man refused to sign the agreement. ECF No. 50-2 at 5-6. In February 2017, Lil' Man brought this suit as a putative class action, asserting four claims under 42 U.S.C. § 1983: violation of the Tonnage Clause of the United States Constitution; violation of the First Amendment right to petition; violation of the Commerce Clause; and violation of the Rivers and Harbors Act. ECF No. 1. Lil' Man also asserted claims under the Bane Act, which the Court dismissed on Defendants' motion. ECF No. 29.

1    Lil' Man amended its complaint in August 2017. ECF No. 33. On September 6, 2017, the parties appeared for a case management conference, and the Court issued a scheduling order setting September 15, 2017 as the deadline to amend the pleadings. ECF No. 37.

On January 11, 2018, the parties filed a stipulated request to allow Lil' Man to file a second amended complaint. ECF No. 38. The Court denied the request the following day because the parties provided no explanation of good cause for the failure to comply with the deadline to amend the pleadings set forth in the scheduling order. ECF No. 29.

Thereafter, Defendants moved for judgment on the pleadings as to the First Amendment claim and the claims for violation of California Business and Professions Code § 23300. ECF No. 40. The Court granted that motion in September 2018. ECF No. 49. In October 2018, Lil' Man moved for class certification on its remaining claims. ECF No. 50. The Court denied the motion for lack of numerosity. ECF No. 66.

In January 2019, the Court held a further case management conference and set March 15, 2019 as the deadline to file a motion to amend the pleadings. ECF No. 71. On the day of the deadline, Lil' Man moved to file a second amended complaint. ECF No. 79. Defendants oppose the motion. ECF No. 80.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party . . . or futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Requests to modify a scheduling order made after the Court has set a deadline for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16 requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

## III. DISCUSSION

Lil' Man seeks leave to file a second amended complaint "to add a claim for retaliation [under 42 U.S.C. § 1983] arising from facts that arose after the litigation was filed, and after Plaintiff was last permitted leave to amend its complaint." ECF No. 79 at 2. Specifically, Lil' Man alleges that Defendants shut down, then tore down, the North Dock in retaliation for Lil' Man's filing of this lawsuit. ECF No. 79-3 ¶¶ 75-89. The closure of the North Dock allegedly occurred on April 24, 2017; "[t]he North Dock was removed by Defendants entirely in 2018." *Id.* ¶ 83.

As an initial matter, the Court notes that the motion is controlled by Rule 16 of the Federal Rules of Civil Procedure, and not Rule 15 as Lil' Man's motion suggests. The Court previously set September 15, 2017 as the deadline to amend the pleadings, ECF No. 37, and the present motion was filed a year-and-a-half after that date. Thus, Lil' Man must demonstrate good cause before the Court will allow amendment. Fed. R. Civ. P. 16(b)(4). Lil' Man argues that it understood the Court's January 2019 order to have "implicitly modified the prior case management order" which set September 15, 2017 as the deadline to amend the pleadings. ECF No. 81 at 3. The Court did not intend to, and did not, modify its prior case management order. It merely set a deadline for the filing of Plaintiff's motion. In fact, the Court reminded Plaintiff of

the need to show good cause at the January 30, 2019 case management conference. Moreover, in January 2018, the Court denied a stipulated request to allow Lil' Man to file a second amended complaint due to the parties' failure to make the good cause showing required by Rule 16. ECF No. 39. The inference Lil' Man draws from the setting of a motion deadline is not reasonable.

Lil' Man next attempts to demonstrate diligence and good cause by separating its allegation that Defendants *shut down* the North Dock from its allegation that they *closed* the North Dock, and focusing the Court on the latter event. Because the argument was made for the first time on reply, the Court need not consider it. *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("The Court does not consider new facts or argument made for the first time in a reply brief.").

The argument also fails, however, considered on the merits. Plaintiff's proposed amended complaint makes clear that the City's actions were all part of one alleged course of conduct. *See, e.g.*, ECF No. 79-3 ¶ 82 ("Upon information and belief, in response to Plaintiff's prosecution of this litigation, government officials, i.e., Defendants, took adverse retaliatory action against Plaintiff by shutting down, and subsequently tearing down the North Dock, thereby precluding Plaintiff's access and use."). That course of conduct began in April 2017. Waiting until March 2019 to file a proposed amended complaint does not demonstrate diligence.

Finally, Lil' Man asserts that its proposed amendments respond to the Court's orders granting partial judgment on the pleadings, ECF No. 49, and denying Lil Man's motion for class certification, ECF No. 66. ECF No. 79 at 3. These matters do not require amendment of the complaint.

**CONCLUSION**

For the foregoing reasons, Lil' Man's motion for leave to file a second amended complaint is denied.

**IT IS SO ORDERED.**

Dated: April 19, 2019

_____
JON S. TIGAR
United States District Judge

4