DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
TARA M. STEELEY, State Bar #231775
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4655
Facsimile:      (415) 554-4699
E-Mail:         Tara.Steeley@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO PORT COMMISSION,
operating under the title PORT OF SAN FRANCISCO,
ELAINE FORBES, in her capacity as Executive Director
of the San Francisco Port, PETER DAILEY, in his capacity as
Deputy Director, Maritime, the San Francisco Port
JEFF BAUER, in his capacity as Senior Leasing Manager,
the San Francisco Port; JOE MONROE, in his capacity as
Harbormaster, South Beach Harbor, Pier 40

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL' MAN IN THE BOAT, INC., a California Corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO PORT COMMISSION, operating under the title PORT OF SAN FRANCISCO, ELAINE FORBES, Executive Director of the San Francisco Port; PETER DAILEY, Deputy Director, Maritime, the San Francisco Port; JEFF BAUER, Senior Leasing Manager, the San Francisco Port; JOE MONROE, Harbormaster, South Beach Harbor, Pier 40,<br><br>   Defendants. | Case No. 4:17-cv-00904 JST (SK)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(C)(1)**<br><br>Date Action Filed:    February 22, 2017<br>Trial Date:                May 4, 2020<br><br>Attached Documents:<br>• Declaration of Tara Steeley<br>• [Proposed] Order |

## INTRODUCTION

This motion arises out of Plaintiff's attempt, after the close of discovery, to introduce and rely on the declaration of a previously undisclosed individual, Paul Dima. Defendants the City and County of San Francisco, *et al*. ("San Francisco" or the "City") bring this Motion pursuant to Federal Rule of Civil Procedure 37(c)(1) seeking the exclusion of Mr. Dima's Declaration ("Declaration") and any other sanction that the Court deems proper. Plaintiff's failure to comply with Federal Rules of Civil Procedure 26(a) and 26(e) without justification mandates that the Declaration be excluded. *See City and County of San Francisco v. Sessions*, 349 F. Supp. 3d 924, 943 (N.D. Cal. 2018) (granting administrative motion to exclude declarations from witnesses not disclosed under Rule 26).

## RELEVANT FACTS

Plaintiff served its initial disclosures on August 7, 2017. Steeley Dec. Ex. A. In those disclosures, Plaintiff identified Lawrence Murray and unidentified "Putative Class Members" as "individuals likely to have discoverable information." *Id.* Plaintiff did not identify Mr. Dima, and he is not a "putative class member." *Id.* Plaintiff did not serve supplemental disclosures before the close of fact discovery or at any time before Plaintiff filed Mr. Dima's declaration. *Id.* Plaintiff also did not disclose Mr. Dima as a witness in any of its discovery responses. Steeley Dec. ¶ 3. Last night, after counsel for the City informed Plaintiff's counsel that it would file this motion, Plaintiff served a document entitled "Plaintiff Lil' Man in the Boat, Inc.'s Supplemental Initial Disclosures," in which Plaintiff disclosed Mr. Dima for the first time. Steeley Dec. ¶ 4, Ex. B.

## ARGUMENT

Plaintiff's failure to disclose Mr. Dima in a timely manner has prejudiced the City by preventing it from obtaining testimony and documents relevant to this litigation. This failure also deprived the City of the opportunity to use this information in support of its Motion for Summary Judgment. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014).

The purpose of the Federal Rules of Civil Procedure's disclosure requirements is to "encourage parties to try cases on the merits, not by surprise, and not by ambush." *Id.* at 862. Plaintiff's failure to timely disclose Mr. Dima is at odds with this purpose. Accordingly, Federal Rule of Civil Procedure

37(c)(1) mandates the exclusion of his Declaration.

### I.     Plaintiff Did Not Comply With Federal Rules Of Civil Procedure 26(a) And 26(e).

The Federal Rules of Civil Procedure are designed to avoid what has happened here. Under these rules, parties must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). If, after making these initial disclosures, "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must "supplement or correct its disclosure" "in a timely manner." Fed. R. Civ. P. 26(e).

Plaintiff failed to disclose that it would be using and relying on evidence from Mr. Dima until it filed its Opposition to Defendants' Cross-Motion For Summary Judgment and Reply to Defendants' Opposition to the Motion for Summary Judgment on October 10, 2019 – nearly three weeks after the closure of fact discovery. Steeley Dec. ¶ 2-4, Ex. A. Mr. Dima's name was not included in Plaintiff's initial disclosures, and Plaintiff did not supplement its disclosures before the close of fact discovery or before it filed Mr. Dima's declaration. *Id.* Plaintiff also did not identify Mr. Dima in any discovery responses. *Id.* Plaintiff's untimely disclosure (made on October 23, 2019) is a concession that Plaintiff was required to disclose Mr. Dima, but failed to do so in a timely manner. *Id.* ¶ 4, Ex. B.

Plaintiff cannot contend that Mr. Dima's declaration is offered solely for impeachment. Impeachment evidence "is that which is offered to discredit a witness" to show that the jury should not put faith in" his or her testimony. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993); *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 435 (D. Md. 2006) ("The purpose of the various types of impeachment evidence is singular; to 'impair the credibility of the witness.'") Because a court cannot make credibility determinations at the summary judgment stage, the declaration would be irrelevant if offered solely for impeachment. Further, Mr. Dima's declaration on its face is not offered solely for impeachment, but rather is offered to support Plaintiff's substantive

2

claims in this litigation.  Indeed, Plaintiff's belated "disclosures" demonstrate that Plaintiff intends to rely on Mr. Dima to support its case.  Steeley Dec. Ex. B.  Therefore, Plaintiff was required to disclose Mr. Dima in a timely manner.  *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir.1998) (impeachment evidence which is least in part substantive did not fall within the "solely for impeachment" exceptions of Rule 26(a)); *see also Wilson v. AM General Corp.,* 167 F.3d 1114, 1122 (7th Cir.1999) (undisclosed witnesses possessing substantive knowledge of the party's defenses could not be limited to a "solely for impeachment" exception and should have been included in disclosures); Philips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIVL. PRO. BEFORE TRIAL (The Rutter Group 2019) § 11:245 (the impeachment exemption "should be *narrowly* construed").

## II. The Declaration Must Be Excluded Unless Plaintiff Can Show Its Failure To Disclose Was Harmless Or Substantially Justified.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  This Rule sets out "a self-executing, automatic sanction to provide a strong inducement for disclosure of material."  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  The evidence must be excluded unless a litigant can prove "that its failure to disclose the required information was substantially justified or is harmless."  *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("The party facing sanctions bears the burden of pr[oof.]"); *see also Auto. Indus. Pension Tr. Fund v. Tractor Equip. Sales, Inc.*, 73 F. Supp. 3d 1173, 1181–82 (N.D. Cal. 2014), *aff'd*, 672 F. App'x 685 (9th Cir. 2016) ("Under Rule 37(c)(1), the party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless.").  Plaintiff cannot meet its burden.

### A. Plaintiff Cannot Establish That Its Failure To Disclose Mr. Dima Was Harmless.

San Francisco became aware that Plaintiff intended to rely on Mr. Dima's testimony only after fact discovery closed, and after filing its Motion for Summary Judgment.  A party's failure to disclose

witnesses until summary judgment is presumptively harmful. *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150-51 (9th Cir. 2017).

And here the harm is also apparent. Had the City known Mr. Dima possessed information on which Plaintiff intended to rely, the City would have deposed him during fact discovery. Steeley Dec. ¶ 3. The City now has no way to procure further information from Mr. Dima, to contextualize his testimony, or to test and challenge his assertions. This has prejudiced and harmed the City.

Courts have found harm when litigants make untimely initial disclosures, especially when a party introduces "new" evidence post-discovery. In *Ollier*, the Ninth Circuit upheld the district court decision to exclude 38 witnesses which did not appear either in initial or supplemental disclosures, and which were only disclosed after the closure of discovery. The Ninth Circuit explained:

> After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. . . . And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket. (768 F.3d at 862-63.)

Other courts follow suit. *See, e.g.*, *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681 (N.D. Cal. 2015) (finding failure to disclose witnesses harmful where it "prevented Plaintiffs from conducting further fact discovery" and "deprived Plaintiffs of the chance to incorporate whatever additional facts Plaintiffs may have learned" into its filings); *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1023 (N.D. Cal. 2012) (finding defendant's failure to disclose expert harmful even where plaintiffs had already deposed expert because late disclosure prevented plaintiffs from "determin[ing] what areas to explore with the expert, as well as [from] determin[ing] whether to designate rebuttal experts"); *Medina v. Multaler, Inc.*, 547 F. Supp. 2d 1099, 1105 n.8 (C.D. Cal. 2007) ("[Plaintiff's] failure to disclose . . . a likely witness before defendants' summary judgment motion was filed prejudiced defendants by depriving them of an opportunity to depose him.").

The harm here is palpable. Plaintiff's deliberate ambush deprived San Francisco of the ability to adequately respond to the Declaration. Plaintiff's failure to disclose Mr. Dima until after the City moved for summary judgment can only be cured by excluding his Declaration.

**B.    Plaintiff's Failure To Disclose Mr. Dima Lacks Justification.**

To avoid an exclusionary sanction, Plaintiff must prove its failure to timely disclose Mr. Dima was substantially justified.  Good faith is insufficient to avoid exclusion under Federal Rule of Civil Procedure 37(c)(1).  *See Hoffman*, 541 F.3d 1175 at 1180.  Indeed, mere "poor case management and lack of care and due diligence" is not adequate justification.  *Pineda v. City & County of San Francisco*, 280 F.R.D. 517, 521 (N.D. Cal. 2012).  As the Ninth Circuit noted in *Ollier*, "[t]he last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run."  768 F.3d at 863.  Yet this is exactly the position Plaintiff has put the City in.

The City is unaware of any substantially justifiable reason why Plaintiff failed to disclose Mr. Dima before the close of fact discovery.  In addition to relying on Mr. Dima to support Plaintiff's substantive claims, Plaintiff appears to rely on Mr. Dima's testimony to try to dispute statements made by Joe Monroe at his deposition taken on September 5, 2018.  Dkt. 109 at 4-5.  Mr. Monroe testified at that time concerning the percentage of time harbor attendants spend performing maintenance work on the North Dock and how South Beach Harbor tracked usage of the North Dock.  Declaration of Tara Steeley in support of Defendants Motion for Summary Judgment, Ex. C [Monroe Dec. 143:10-17; 156:10-18; 178:4-13].  Plaintiff had more than a year to identify *and disclose* a witness to testify about those matters before fact discovery closed on September 19, 2019.  Plaintiff has not offered any justification for failing to disclose Mr. Dima in accordance with Federal Rule of Civil Procedure 26.

## CONCLUSION

Federal Rule of Civil Procedure 37(c)(1) mandates the exclusion of undisclosed evidence.  Plaintiff's reliance on a declaration from an undisclosed declarant is precisely the conduct this rule targets.  Mr. Dima's declaration should be excluded pursuant to Rule 37(c)(1).

Dated:  October 24, 2019

DENNIS J. HERRERA
City Attorney


By:   /s/Tara M. Steeley
TARA M. STEELEY

Attorneys for Defendants

5